UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CRIM. NO. 04-30033-MAP |
| | ) | |
| vs. | ) | |
| | ) | |
| **RAYMOND ASSELIN, SR., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## GOVERNMENT'S REQUEST FOR EARLY EXHIBIT LIST

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this motion asking the court to order the defendants to provide a preliminary exhibit list to the Government on July 28, 2006. The Government makes this request based upon the court's "practical approach" underlying its previous ruling, the defendants' obligation to produce an exhibit list under the Local Rules, and the Government's need to file motions in limine by the August 11th, 2006 deadline.

As the court may recall, on February 14, 2006, the court ordered the Government to provide a preliminary exhibit list to the defendants on July 24, 2006. See Dkt. 111, p. 3. The court's order arose out of its resolution of defendant Davis' Rule 16 motion and his argument that Rule 16 compelled the Government to identify what documents the Government intended to admit in its

1

case-in-chief. Recognizing the different positions that several courts have taken on the issue, the court opted to address the issue

> from a practical point of view as an exercise of the court's obligation to manage this lengthy, complex trial in a way that was fair to all parties.

Dkt. 111, p. 2. Accordingly, the court ordered the Government to produce a good faith, comprehensive exhibit list by July 24, 2006.

On or about May 26, 2006, the Government filed its first Motion for Discovery under Rule 16 because the Government has not received any reciprocal discovery from any of the defendants to date. Rule 16(b)(1)(A), for example, requires a defendant to permit the government to inspect and to copy all documents and objects if "the defendant intends to use the item in the defendant's case-in-chief."

In his response, dated June 6, 2006, defendant Davis surprisingly adopted the following position:

> Pursuant to Fed.R.Crim.P. 16(b), defendant Davis hereby makes the following reciprocal disclosure: Defendant Peter Davis hereby designates as reciprocal discovery all of the materials previously provided to, or made available to, defendants by the government pursuant to the government's discovery obligation under Fed.R. Crim.P. 16(a). Mr. Davis may introduce some of those discovery materials during his case-in-chief.

The position taken in his letter is completely contrary to his

interpretation of the virtually identical phrase "the government intends to use the item in its case-in-chief" found at Rule 16(a)(1)(E). Indeed, it was this phrase under Rule 16(a)(1)(E) that, according to defendant Davis' previous Rule 16 motion, obligated the Government to identify specifically what documents that it intended to introduce at trial in its case-in-chief.

Consistent with its order of February 14, 2006, the Government asks the court to impose a similar requirement on the defendants. First, such an order would be consistent with the court's practical approach "taken as an exercise of the court's obligation to manage this lengthy, complex trial in a way that was fair to all parties." See Dkt. 111, p. 2. Second, the Local Rules require the defendants to produce an exhibit list four days after the Government produces an exhibit list. See Local Rules 8(b) and (9). Therefore, a production date of July 28, 2006 by the defendants is entirely consistent with the Local Rules given the new schedule established by the court. Finally, the court has set a deadline of August 11, 2006 for motions in limine. The Government cannot be expected to file motions in limine without knowing what the defendants intend to introduce at trial. In fact, the need to file motions in limine was one of the reasons advanced by the defendants for an early production of the Government's exhibit list.

Filed this 12 th day of July, 2006.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                                /s/ William M. Welch II
                              WILLIAM M. WELCH II
                              Assistant United States Attorney
```

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                                       July 12, 2006

     I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing via electronic filing upon the following:

Richard M. Egbert, Esq.           Vincent A. Bongiorni, Esq.
99 Summer Street                  95 State Street
Suite 1620                         Springfield, MA  01103
Boston, MA  02110

James C. Rehnquist, Esq.          Thomas Rooke, Esq.
Goodwin Proctor & Hoar            73 Chestnut Street
Exchange Place                   Springfield, MA 01103
Boston, MA 02109

Steven W. Leary, Esq.             Roy H. Anderson, Esq.
95 State Street                  Box 1420
Springfield, MA 01103             Springfield, MA  01101

Thomas Lesser, Esq.               Bernard Grossberg, Esq.
Lesser, Newman, Souweine & Nasser   99 Summer Street
39 Main Street                   Suite 1800
Northampton, MA  01060            Boston, MA  02110

Thomas R. Kiley, Esq.             David P. Hoose, Esq.
Cosgrove, Eisenberg & Kiley       Katz, Sasson, Hoose & Turnbull
1 International Place             1145 Main Street
Boston, MA  02110                Springfield, MA  01103

Joseph Ballero, Esq.
99 Summer Street
Suite 1800
Boston, MA  02110

                                           /s/ William M. Welch II
                                           WILLIAM M. WELCH II
                                           Assistant United States Attorney